For petitioner: Michael Pedro.

For respondent: Gardner, Moss & Haslam.

Michael L. Coffey
vs. No. 87295.
Walter F. Fitzpatrick, C. T.

February 10, 1932.

BLODGETT, P. J. Action to recover against City of Providence salary claimed to be due and unpaid.

The declaration alleges the election of plaintiff January 5, 1931, to the office of city engineer by the Board of Aldermen and City Council of Providence for a term of two years or until his successor was elected and qualified, at a salary of $6000 per annum; that he duly qualified and served in said office until April 18, 1931, at which time he was summarily without cause illegally dismissed from said office; that said removal was not caused by the said Board or by said City Council or by reason of any ordinance of said city; that said office has never been abolished but still remains in existence; that said plaintiff has been prevented from performing the duties of said office by the Board of Public Safety of said city and has received no salary therefor since April 18, 1931, and that said defendant has refused to pay any salary since said date.

The declaration further alleges that by virtue of his election as aforesaid a contract came into existence between himself and the city; that plaintiff did not resign said office although so requested by said Board of Public Safety.

The second count is based upon a claim for salary due under the common counts.

To this declaration the defendant demurs as follows:

1. It does not appear in and by the allegations of the declaration that the plaintiff ever entered into a contract with the city of Providence.

2. It appears affirmatively in said declaration that defendant did not enter into a contract with the defendant or the city of Providence.

3. The allegation in said declara-

tion that by virtue of his election * * * a contract came into existence * * * is a conclusion of law not substantiated by the allegation of facts set forth.

The office of Public Service Engineer was created by virtue of authority given to the city by Cap. 50, P. L. 1909:

"Town councils and city councils may from time to time make and ordain all ordinances and regulations for their respective towns, not repugnant to law, which they may deem necessary for the safety of their inhabitants from fire, firearms, fireworks; to prevent persons standing on any footwalk, sidewalk, doorstep, or in any doorway, or riding, driving, fastening or leaving any horse or other animal or any carriage, team or other vehicle on any such footwalk, sidewalk, doorstep or doorway within such town, to the obstruction, hindrance, delay, disturbance or annoyance of passersby or of persons residing or doing business in the vicinity thereof; to regulate the putting up and maintenance of telegraph and other wires and the appurtenances thereof; to prevent the indecent exposure of anyone bathing in any of the waters within their respective towns; against breakers of the Sabbath; against habitual drunkenness; to regulate the speed of driving horses and cattle over bridges; respecting the purchase and sale of merchandise or commodities within their respective towns and cities; to protect burying grounds and the graves therein from trespassers; and generally, all other ordinances, regulations and by-laws for the well ordering, managing and directing of the prudential affairs and police of their respective towns, not repugnant to the constitution and laws of this state, or of the United States."

Sec. 1 of Cap. 106 ordinances 1915 is in part as follows:

"*There is hereby established the office of public service engineer of the city, and no person shall be eligible to said office unless qualified as an engineer of experience in electrical engineering. The city council in joint convention, as soon as may be after the passage hereof, and also on the first Monday in January, biennially, beginning A. D. 1917 shall elect a person to said office, who shall hold office until his successor is elected and qualified to act. * * *"*

The Public Safety Commission was created by an act of the General Assembly approved April 10, 1931, being Cap. 1710, P. L. 1931. Sec. 9 of said act is as follows:

"*Said board shall have authority to appoint, remove, organize and control the public service engineer of said city and his deputies, assistants, clerks and appointees and to make all needful rules and regulations for their efficiency, management and direction not inconsistent with the laws of the state.* All powers now vested in the Mayor, the board of aldermen, the city council, the public service engineer or other competent authority of said city concerning the following matters: the qualifications, compensation, term of office, discipline and control of the public service engineer and his deputies, assistants, clerks and appointees, by the statutes of the state or by special laws relative to said city or by ordinance of said city or by rule, regulation or order of said board of aldermen or otherwise, except as in this act otherwise provided, are hereby conferred upon and vested in said board, with full authority in said board to make all needful rules and regulations not inconsistent with the statutes of the state, concerning the matters above enumerated, notwithstanding the provisions of any ordinance, rule, regulation or order of said city council or said board of aldermen or any of the officers, boards, or agencies of

said city. Said public service engineer and his deputies, assistants, clerks and appointees shall hereafter perform and exercise the duties imposed and the powers conferred upon them by any statute of the state or by any special law relative to said city or by any ordinance of said city or by any rule, regulation or order of the board of aldermen or otherwise, except as in this act otherwise provided."

There seems no doubt under this act that the board had power to appoint, remove, organize and control the public service engineer of said city. Certain officers of the city under the terms of the charter are only removable for cause and after opportunity for a hearing, but the office of public service engineer is not subject to such a provision of the city charter. Under the terms of the act, unless a provision of the city charter prevented, the public safety board has complete power and jurisdiction over its appointees.

Sec. 18 of said Chapter 1710 repeals all provisions of the General Laws, Public Laws and provisions of the charter of the city of Providence inconsistent with said chapter.

The sole question remaining is whether the election of plaintiff for a two-year period constitutes a contract between the city and the person so chosen that the city must retain such person for the period for which he was elected.

The brief of defendant upon the demurrer cites the case of *McDonald* v. *City of New Haven*, 109 Atl. p. 199, which is clearly in point on this question, and also McQuillan on Municipal Corp., 2d ed., Vol. 2, Sec. 514.

To the mind of the Court this question has been determined by our own Supreme Court in *Gray* v. *Granger*, *C. T.*, Prov., 17 R. I. 201. Gray, claiming he had never been removed as city engineer, brought action to recover his salary, and based his right of recovery upon two grounds, first that the office

to which he had been elected for a certain specified term had not been abolished, and, second, that his election to such office for a certain specified term created a contract between himself and the city. The first ground was decided adversely to Gray because P. L. R. I. Cap. 860, of May 1, 1890, repealed the statute and ordinances under which the city engineer had been elected, and abolished his office as it previously had existed. As to the second ground, decided adversely to the plaintiff, the Court says (p. 204):

"We think the plaintiff in the case at bar was a public officer."

"While the duties of his office called for peculiar and professional skill, this is also requisite, to some extent at least, in other departments of the city government. We do not think the officer for this reason, ceases to be a public officer, nor that his tenure of office is to be regarded as that of a professional employee under contract."

As to the removal of plaintiff from his office without a hearing and without cause, the case of *Girouard* v. *Board of Police Commissioners of Central Falls*, M. P. 543, cited by plaintiff, is not in point, as said commission was restricted by Sec. 3 of the act creating the commission in its authority to remove from office, unless the person removed was given notice and an opportunity to present a defense.

The act in question contains no such provision.

Demurrer sustained.

For plaintiff: George J. West.

For defendant: John C. Mahoney.